EDUARDO RAMIREZ, *alias* EDUARDO HERNANDEZ, v. THE STATE.

No. 19698.    Delivered May 4, 1938.
Rehearing denied June 15, 1938.

The opinion states the case.

*H. B. Galbraith,* of Brownsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The offense is murder, the punishment fixed at five years in the penitentiary.

It is alleged in the indictment that appellant on or about the 29th day of October, 1927, voluntarily and unlawfully with malice aforethought killed Juan Pena by shooting him with a gun.

It appears from the record that whoever killed Juan Pena in October, 1927, fled the country, and that appellant was apprehended and indicted therefor on October 25, 1937, ten years thereafter.

Appellant strenuously insisted that he was not the person who shot Pena, and asked for an instructed verdict based on such proposition, which was by the trial court refused. This matter was reached on an instruction relative to an alibi testified to by appellant, and which was properly presented to the jury in an appropriate instruction.

Appellant's bill of exceptions No. 1 complains of allowing the witness Sixto Pena to testify relative to a difficulty he had with the person identified as appellant sixteen months before the killing of Juan Pena, mainly on account of the remoteness of said difficulty, and also that such offense was another and different offense. The details of such offense were not gone into. However it was material, so we think, as showing previous ill will, and as a basis for a motive for the killing under investigation, and as bearing on the question of establishing the identity of the appellant. We see no error reflected in such bill.

The matters reflected in bill No. 2 had a varied experience in the trial of this cause. It seems that the person killing Juan Pena fled and had been at large for ten years, and after appellant had been picked up by the Federal authorities at Brownsville, he was identified as the killer of Juan Pena. At the time of appellant's apprehension, it seemed that he had in his possession a pistol. The introduction of all this testimony was objected to by appellant's attorney, and we note that the court qualified said bill by the statement: "The court instructed the jury that all the testimony in regard to defendant's detention by Federal authorities, had been and was withdrawn and removed from the consideration by the jury." We also note that the court gave a special charge in writing relative thereto, instructing the jury to completely ignore the testimony relative to the Federal charge against the appellant. We see no error reflected in all such proceedings.

Bill of exceptions No. 3 relates to the testimony of two witnesses, and is multifarious; it is also incomplete in that no objection is made to the introduction of the testimony therein set forth, and in our judgment the matter was proper as relating to the alibi defense, and the establishing of the identity of the appellant.

Bill of exceptions No. 5 complains of the conduct of the district attorney in his opening argument to the jury in which he mentioned the fact of appellant's detention by the Federal authorities because of the fact of his possessing a pistol at such time, and upon objection by appellant's attorney the district attorney stated that he understood the court had not withdrawn the matter of the possession of the pistol from the jury. The trial court then repeated his instruction to the attorney and directed him not to further refer to such matters, and he was cautioned and admonished not to again refer to such matters, but to confine his remarks to matters within the record. As shown by the record, we see no serious error reflected therein.

In the colloquy between the court and district attorney there may have been some reason for the attorney to have thought in good faith that he was justified in interpreting the court's ruling as he was endeavoring to do in his complained of remarks, the ruling being the one set forth herein in our discussion of bill of exceptions No. 2. But suffice it to say, the court's instruction cured any error, if such there was, in such complained of incident.

Bill of exceptions No. 6 complains of a further argument in his opening address by the district attorney in which he said, in substance, that if the men on the jury turned this man loose, they need never come to him asking him to prosecute other murder cases that might arise in the future, for it would be useless to present other murderers to other juries. The trial court's qualification of this bill shows that he admonished the attorney to confine his remarks to the record, and instructed the jury not to consider remarks of counsel not based on the record. We do not think under the circumstances that remarks of counsel, ill-timed though they were, would have any appreciable weight with a jury, especially in the light of the trial court's instruction relative thereto. The jury were grown men, evidently of some experience in life, and would not be unjustly or unfairly swayed by such remarks, possibly lightly spoken, and surely lightly taken, and we do not think the matter reflects an error of any consequence.

Bill of exceptions No. 8 complains of the State's attorney asking a series of questions to the witness Sixto Pena on the question of his identifying the appellant as the man who shot witness and killed witness' nephew Juan Pena. The bill is incomplete in that it is multifarious and contains more than one matter that is complained of in the same bill. We dispose of it by saying that the only objection therein that we find is as to the asking of leading questions by the State's attorney to said witness. The witness was an old Mexican, and we see no error in the questions and answers complained of as leading. We also note that the trial court admonished the State's attorney not to lead the witness. We also think that the matter inquired about from this witness as to whether or not appellant was the same person whom the witness had had trouble with sixteen months before the killing at a ball, was admissible not only on the question of motive, but also on the question of identification and alibi. To the same effect and for the same purpose was the testimony of the witness Emil Heinze.

We see no reason for disturbing this judgment. That some one killed Juan Pena and shot Sixto Pena in October, 1927, there can be no denial; that the appellant denied that he was the party doing the shooting, but swore to an alibi, is evident from the record; that he was positively identified as the person doing the shooting by witnesses before the jury is also evident. The jury saw fit to disbelieve the appellant and to give credit to the State's witnesses who identified him. We see no good reason to disturb their finding herein, and this judgment is accordingly affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In the light of appellant's motion for rehearing we have again examined the bills of exception which he insists present reversible error. We are confirmed in our view that the action of the court in directing the jury regarding the incidents complained of protected appellant's rights in the premises.

The motion for rehearing is overruled.